IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RUSSELL ROBINSON,<br>  Petitioner,<br><br>VS.<br><br>RODNEY W. CHANDLER, Warden,<br>FCI-Fort Worth,<br>  Respondent. | §<br>§<br>§<br>§  Civil Action No. 4:13-CV-510-Y<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, Russell Robinson, Reg. No. 04776-094, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent, Rodney W. Chandler, is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

In 2007, in a multi-defendant and multi-count drug conspiracy case, petitioner was convicted of conspiracy to possess with intent to distribute cocaine (Count I), conspiracy to import cocaine

(Count XI), and conspiracy to launder money (Count XII) in the United States District Court of the Virgin Islands Division of St. Thomas/St. John and sentenced to a 160-month term of imprisonment. (Resp't App. at 1-2) Petitioner appealed his convictions and sentence and sought postconviction relief *via* a plethora of motions, including a § 2255 motion to vacate, set aside or correct his sentence in the convicting court and a prior § 2241 petition in this court, all to no avail. *United States v. Robinson*, U.S. Pacer, Criminal Docket for Case No. 1:04-CR-005-WAL-2, entry nos. 1183, 1277; *Robinson v. Chandler*, No. 4:12-CV-882-A (dismissed on Jan. 2, 2013).

As in his prior § 2241 petition, petitioner claims that he is actually innocent of his convictions and sentence because the jury returned a general verdict of guilty on Counts I, XI and XII, and the next day the same jury returned a special verdict answering "No" to all possible drug quantities petitioner and a co-defendant "knew in fact, and/or . . . reasonably foresaw" being involved in the conspiracies under Counts I and XI . *See United States v. Dowe*, 313 Fed. Appx. 531, 2009 WL 449175, at *2 (3rd Cir. Feb. 24, 2009) (petitioner's co-defendant's case). Petitioner now urges "[l]ightening has struck, Justice Clarence Thomas, now while delivering the opinion in . . . Alleyne v. United States . . . has enunciated what Robinson has stated all along is correct. That is, Robinson is actually innocent of all crimes alleged in the superseding indictment returned in the District Court of the Virgin Islands . . . ." (Pet. at 4)

In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the United States Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court in *Alleyne v. United States,* 133 S. Ct. 2151, 2160 (2013), concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." Thus, any fact that increases a defendant's mandatory minimum sentence for a crime is an element of the crime that

must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163.

On August 6, 2013, the Third Circuit Court of Appeals denied petitioner's request for authorization to file a second or successive § 2255 motion raising his claim under *Alleyne*, explaining–

> Petitioner's application under 28 U.S.C. §§ 2241 and 2255 for authorization to file a second or successive § 2255 motion is denied because petitioner has not made a prima facie showing that his claim satisfies the applicable standard. In particular, petitioner has not made a prima facie showing that his inconsistent-verdict claim (which we rejected in both his direct appeal and the direct appeal of his similarly situated co-defendant Elroy Dowe . . . ), relies on <u>Alleyne v. United States</u>, . . ., or that <u>Alleyne</u> otherwise calls the basis for our previous decisions into question. We thus need not decide whether <u>Alleyne</u> announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

(Pet., Ex. 1) (citations omitted)

The government has filed a response to the instant petition seeking dismissal of the petition on jurisdictional grounds, to which petitioner filed a reply. (Resp't Resp. at 2-5)

D. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). To do so, the petitioner must establish that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e);

3

*Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) that was foreclosed by circuit law at the time when the claim should have been raised at trial, on appeal, or in a first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena,* 243 F.3d at 904.

The Third Circuit has rejected petitioner's claim under *Alleyne* and denied authorization to him to file a subsequent § 2255 motion raising the claim in the convicting court. Further, even assuming *Alleyne* is applicable to petitioner's case, he cannot satisfy the first and third prongs of the test. The Supreme Court did not declare that *Alleyne* applies retroactively on collateral review, and, given that *Alleyne* is an extension of *Apprendi,* which is not retroactive on collateral review, it is doubtful that *Alleyne* will be. *In re Kemper,* — F.3d —, 2013 WL 5969009, at *1 (5th Cir. Sept. 6, 2013); *Wesson v. U.S. Penitentiary,* 305 F.3d 343, 347 (5th Cir. 2002). Nor does *Alleyne* establish petitioner's actual innocence of the underlying, substantive crimes for which he was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Padilla v. United States,* 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 23, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 23, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

5

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 2, 2013.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6