```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

RUSSELL ROBINSON,                §
     Petitioner,                 §
                                 §
VS.                              §   CIVIL ACTION NO.4:13-CV-510-Y
                                 §
RODNEY W. CHANDLER, Warden,      §
FCI-Fort Worth,                  §
     Respondent.                 §
```

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Russell Robinson under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 2, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 5, 2013.

The Court, after **de novo** review, concludes that the petitioner's objections must be overruled, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions and as stated herein.

In his written objections, Robinson contends that the magistrate judge's report, and the recommendation that the Court is without jurisdiction to adjudicate his challenge to his conviction under *Alleyne v. United States,* 133 S.Ct. 2151 (2013), is based on "some archaic view of our body or jurisprudence governing 21 U.S.C. §§ 801, 841, 846" and is an "affront to our body of jurisprudence and due process of law." (Written Objections at 1.)

A petition under 28 U.S.C. § 2241 may be employed by a federal prisoner to challenge the validity of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See,* 28 U.S.C. § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 452 (5th cir. 2000). In order to meet that test, the petitioner bears the burden to show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Pack,* 218 F.3d at 452. As explained in the magistrate judge's report, Robinson has already been denied the right to file a successive § 2255 motion by the United States Court of Appeals for the Third Circuit on the same grounds presented in this case. *In re: Russell Robinson,* No.13-2939 (3rd Cir. August 6, 2013)(Exhibit I to Robinson's September 13, 2013 Traverse). But the failure to obtain authorization to file a successive § 2255 does not satisfy the savings clause:

> [A] section 2255 motion "cannot become 'inadequate or ineffective,' thus permitting the use of [section 2241], merely because a petitioner cannot meet the AEDPA 'second or successive' requirements." *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999), *cert. den'd,* 528 U.S. 1176 (2000); see also *Tolliver [v. Dobre],* 211 F.3d 876, 878 (2000)(*per curiam*); *In re Davenport,* 147 F.3d 695, 608 (7th Cir. 1998); *In re Dorsainvil,* 119 F.3d 245, 251 (3d cir. 1997). To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack,* 218 F.3d at 453.

Furthermore, Robinson has not satisfied the savings clause of § 2255 for the reasons enunciated by the magistrate judge; that is, *Alleyne* has not been made retroactive and it is doubtful it will be, and *Alleyne* does not establish that Robinson was convicted of a nonexistent offense. *See generally Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005)(citing *Reyes-Requena,* 243 F.3d. 893, 904 (5th Cir. 2001))(elements of the savings clause test).

Also, as to the objection to the recommendation that the Court dismiss this case for lack of jurisdiction, the United States Court of Appeals for the Fifth Circuit directs that when a § 2241 petitioner fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, the court lacks jurisdiction and must dismiss on that basis. *Christopher v. Miles*, 342 F.3d 378, 379 and 385 (5th Cir. 2003)(vacating district court's denial of § 2241 petition where petitioner failed to satisfy the § 2255 savings clause, in order for the district court to dismiss the petition for lack of jurisdiction); *Thomas v. Jeter,* 200 F. App'x 374, 375 (5th cir. 2006)(noting that district court did not err in dismissing for lack of jurisdiction petitioner's § 2241 case where arguments based upon *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), failed to satisfy the savings clause).

Robinson also contends that because the Third Circuit has made a "legally erroneous decision, there is no statutory legal recourse . . . to seek review of this matter . . . making 28 U.S.C. § 2241 the only viable legal vehicle to test the legality of

Robinson's illegal judgment of conviction [such that] this court must carefully adjudicate this application to correct this fundamental manifest miscarriage of justice, and injustice." (Written objections at 5.) But the Fifth Circuit has held that the application of the savings clause under § 2255 does not violate the Suspension Clause of the Constitution. *See Wesson v. United Sates Penitentiary Beaumont, TX,* 305 F.3d 343, 346 (5th Cir. 2002)(citing *Reyes-Requena,* 243 F.3d. at 901 n. 19). And the Fifth Circuit has also rejected as "without merit" the argument that if neither § 2255 nor the Great Writ [§ 2241] is available to test the legality of a conviction, an unconstitutional suspension of the writ results. *Wesson,* 305 F.3d at 346. Thus, Robinson's objections are overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Russell Robinson's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED December 12, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE